UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSIE TERRELL, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:16-cv-481 SNLJ |
| vs. ) | CONSOLIDATED |
| ) | |
| FIRST STUDENT MANAGEMENT ) | |
| LLC and FIRST STUDENT, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Plaintiffs are 236 school bus drivers and assistants who bring this action on behalf of themselves and a similarly situated class of plaintiffs against their employer, First Student Management LLC and its parent corporation, First Student, Inc. (collectively "First Student"). Plaintiffs allege that defendant First Student violated provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), *et seq.* ("FLSA") and the Missouri Minimum Wage Law, § 290.500 RSMo, *et seq.*. Defendants have moved to dismiss, and the matter has now been fully briefed.

**I.     Background**

According to the complaint, defendant employed the plaintiff school bus drivers and driver assistants during and before 2013. Plaintiffs transported students to local municipal schools and to extracurricular activities. Defendant owns and operates 27 "bus yards" in Missouri. Plaintiffs' four counts include the following:

1

**A. Count I: FLSA – Claim for Unpaid Time at Regular Rate of Pay**

Plaintiffs allege that drivers arrive at the bus yard at 7:30 a.m. for morning runs and 1:30 p.m. for afternoon runs. Drivers and their assistants receive their route assignment and keys and proceed to their busses. Drivers log into the "EVIR" system with their employee badge, and at this time the employee begins receiving compensation. Plaintiffs estimate that six minutes elapse on average between reporting for work and logging into the EVIR system, and plaintiffs are not paid for the "preliminary activities" that occur during those six minutes. When drivers return to the lot after their bus runs, they are required to log into the EVIR system to go "off the clock" and then perform a post-trip inspection of their vehicle, clean out the bus, perform a "sleeping child" inspection, report any issues or problems, and return their equipment. Plaintiffs estimate that six minutes of uncompensated "postliminary activities" occur before they may leave. In addition, plaintiffs allege they are not paid for their time actually worked if the time it takes for them to perform their bus route exceeds a given threshold. Plaintiffs further allege they were not paid for "dead time," or the gap between the end of a regular run and a charter run. Plaintiffs state they would sometimes be paid for a charter run on a later pay period to avoid overtime payments. They claim that plaintiffs are entitled to be paid for all "straight time" worked during weeks their hours exceeded 40 hours and that First Student refused to do so in violation of the FLSA.

**B.  Count II:  FLSA – Overtime Claims**

Plaintiffs allege that, in an effort to avoid paying overtime, defendant under-reports the time actually worked by employees. Defendant achieves this by dividing

plaintiffs' time worked into "Regular" and "Charter Rate" categories as explained above and pays overtime only if more than 40 hours are worked in a particular category. Plaintiffs claim defendant fails to pay proper overtime amounts for weeks in which employees worked more than 40 hours in violation of the FLSA.

    **C.    Count III: MMWL – Straight Time Claim**

Plaintiffs' allegations in Count III merely state that they are entitled to the protections of the MMWL, § 290.500 RSMo, *et seq.*, that First Student meets the definition of an "employer," that the plaintiffs were not exempt from the MMWL overtime wage and other obligations, that First Student failed to keep accurate records of hours worked, and First Student willfully violated the statute. They allege defendant failed to pay plaintiffs for time spent working, including preliminary activities, postliminary activities, and "dead time." Further, they allege defendant failed to pay for all straight time worked.

    **D.    Count IV: MMWL – Overtime Claim**

Plaintiffs allege that they worked more than 40 hours in a workweek without being compensated at overtime rates required by § 290.505 RSMo. Plaintiff further allege they were not exempt from those overtime requirements. They claim defendant First Student violated the MMWL as a result.

Defendants have moved to dismiss all of plaintiffs' claims.

**II.    Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of

unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendants have moved to dismiss each of the four Counts of plaintiffs' complaint.

### A. Counts I and III

Counts I and III assert claims for "unpaid time" under the FLSA and the MMWL. The law distinguishes between regular, or straight time, wages on the one hand and overtime wages on the other. *See Trapp v. O. Lee, LLC*, 918 F. Supp. 2d 911, 912 (E.D. Mo. 2013). The MMWL and FLSA both require that overtime wages be paid for hours worked in excess of 40 hours per week, and they must be paid at a rate of not less than 150% of the employee's regular rate. § 290.505(1); 29 U.S.C.A. § 207(a)(2). Defendants point out that plaintiffs seek to recover for "straight time" hours under the FLSA and MMWL, *see* #1 ¶¶ 336, 357, but that neither statute provides for the recovery of "straight time" wages.

4

Indeed, a review of cases shows that claims for straight time are brought as common law claims. *See, e.g.*, *Trapp*, 918 F. Supp. 2d at 912; *McClean v. Health Sys., Inc.*, 11-03037-CV-S-DGK, 2014 WL 3907794, at *1 (W.D. Mo. Aug. 11, 2014); *Fry v. Accent Mktg. Services, L.L.C.*, 4:13CV59 CDP, 2013 WL 2403669, at *1 (E.D. Mo. May 31, 2013); *Davenport v. Charter Communications, LLC*, 4:12CV00007 AGF, 2013 WL 992328, at *1 (E.D. Mo. Mar. 13, 2013). The court in *McClean* observed that plaintiffs brought claims for breach of contract and unjust enrichment "for unpaid straight time that is not recoverable under the FLSA or MMWL." 2014 WL 3907794, at *1 (emphasis added). Neither the FLSA nor the MMWL include among prohibited acts the failure to pay for straight time. *See* 29 U.S.C. § 215; *Hudson v. Butterball, LLC*, 08-5071-CV-SW-RED, 2009 WL 3486780, at *5 (W.D. Mo. Oct. 14, 2009) (MMWL "Sections 290.500 to 290.530 only require payment of minimum wage and overtime, and therefore Hudson's contention that she is entitled to straight time is not meritorious." The *Hudson* court also noted that plaintiff's "straight time claim must be made on a breach of contract theory." 2009 WL 3486780, at *5.

Plaintiffs argue that their claims in Counts I and III are cognizable. As for Count I, plaintiffs state that the FLSA does permit a claim for straight time pay when the claim is also for overtime pay during that week. Plaintiff further state that the unpaid hours worked during that week --- that combination of straight time and overtime --- is called "overtime gap time" by the courts. Although the Eighth Circuit appears not to have spoken on this matter, "overtime gap time" is not allowed under the FLSA by the Second Circuit. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("the text of FLSA requires only payment of minimum wages and overtime wages. *See* 29 U.S.C. §§ 201–19. It simply does not consider or afford a recovery for gap-time

5

hours"). Plaintiffs rely on a Fourth Circuit decision to support their argument. *See Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1280 (4th Cir. 1996). *Monahan* relied on "interpretive guidance" provided by the Department of Labor in allowing overtime gap claims to a limited extent. *Id.* The Second Circuit disagreed with *Monahan* and noted that the "interpretive guidance" does not carry the weight of a regulation and that the "Department of Labor provides no statutory support or reasoned explanation for this interpretation." *Lundy*, 711 F.3d at 117. Because there is no support in the statute or from the Eighth Circuit for plaintiffs' "overtime gap pay" claim, Count I for straight time under the FLSA will be dismissed.

As for plaintiffs' MMWL claim for straight time in Count III, the statute does not allow for recovery of straight time. *See* §§ 290.500-530 RSMo. The District Court for the Western District of Missouri addressed this very issue in *Hudson*, 2009 WL 3486780, at *5. Plaintiffs urge the court to ignore the *Hudson* holding because its analysis was "threadbare." (#18 at 9.) But that court reasonably concludes that §§ 290.500 to 290.530 "only require payment of minimum wage and overtime," and that therefore that plaintiff's "contention that she is entitled to straight time is not meritorious" and "must be made on a breach of contract theory." *Hudson*, 2009 WL 3486780, at *5. This Court agrees. Neither the FLSA nor the MMWL allow for recovery of straight time. Rather, plaintiffs may pursue state common law remedies for that claim.

**B.     Counts II and IV**

As for plaintiffs' overtime claims under the FLSA and MMWL, defendants argue that their allegations are nothing more than boilerplate legal conclusions devoid of any factual support. Defendants suggest that plaintiffs should specify at least one workweek in which they worked in excess of 40 hours and were not paid overtime. In support,

6

defendants cite *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–46 (9th Cir. 2014) (holding plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week"), which is not controlling authority in the Eighth Circuit. Regardless, at least one district court in this Circuit has applied the *Landers* standard and accepted allegations where the plaintiffs identified (1) policies that support their overtime claims, and (2) pay periods for which plaintiffs were not paid sufficient overtime (with supporting time record information). *Shoots v. iQor Holdings US Inc*., 15-CV-563 (SRN/SER), 2015 WL 6150862, at *15 (D. Minn. Oct. 19, 2015).

Here, plaintiffs have identified the general policies supporting their overtime claims, but they fail to allege any specific facts regarding weeks for which overtime was improperly withheld. The "policies" identified by plaintiff include, for example, the allegation that First Student divides time expended into "Regular" and "Charter Rate" categories and then fails to pay overtime so long as the number of hours for each category does not exceed 40. But plaintiffs do not offer any facts regarding how this might have looked in practice for any specific bus driver. The Court will dismiss Counts II and IV without prejudice to plaintiffs' refiling an amended complaint in this matter alleging those necessary facts. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' Counts I and III are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' Counts II and IV are DISMISSED without prejudice.

**IT IS FINALLY ORDERED** that plaintiffs may submit an amended complaint in accordance with this Memorandum on or before December 6, 2016.

Dated this  14th  day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE